RECEIVED
JUN 25 2014
Legal Programs Department

SCANNED at LSP and Emailed
6/25/14 by CM, 5 pages
date    initials    No.

IN THE
U.S. EASTERN DISTRICT
FOR THE STATE OF LOUISIANA

14-1342 A (4)

Rigoberto Funes #571875
    *Petitioner*
VERSUS

BURL CAIN, WARDEN
LA. STATE PENITENTIARY
    *Respondent*

DOCKET NO. 14-1342

CIVIL ACTION

Section "A" (4)

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED JUN 25 2014
WILLIAM W. BLEVINS
CLERK

## REQUEST THAT A "STAY ORDER" ISSUE AND THIS MATTER BE HELD IN ABEYANCE PENDING FINAL DECISION FROM THE LOUISIANA SUPREME COURT

MAY IT PLEASE THE COURT:

NOW INTO COURT comes, **Rigoberto Funes**, pro se petitioner who respectively moves this Honorable Court pursuant to the powers and authority embodied in this Honorable court with respect to federal habeas actions arising under *28 U.S.C. §2254*. Petitioner, upon becoming aware that the Respondent/District Attorney was endeavoring to subvert this Honorable Courts Jurisdiction to hear a habeas corpus petition filed by a state prisoner.

Petitioner contends that in his state court pleadings, from the very outset of post-conviction proceedings, he has challenged through the appropriate means made available, the constitutionality of the public defender system as established in Jefferson Parish Louisiana particularly, but also state-wide. Petitioner avers that respondents know and are aware of the evidence establishing the same and they, the respondents are in possession of documentary evidence in addition to what petitioner has attached to his pleadings, which substantiate his contentions.

The challenge made above raises the Federal Question of whether criminal defendants who are appointed state-provided counsel are being provided with the qualifying components of the *6th Amendment of the United States Constitution*. Expert witnesses are available and their addresses



are in the record, said witnesses can testify to the intricate details of the unconstitutionality of the public defender system. Petitioner's primary contention is that the order for his custody was obtained in violation of both the *United States and Louisiana Constitutions*. The issues presented entitles petitioner to habeas corpus relief and/or an evidentiary hearing with the appointment of counsel, where a record will be established to support that petitioner is entitled to the relief sought.

### TIMELINESS OF APPLICATION UNDER STATE AND FEDERAL LAW

The claims raised herein, at the time they were presented to the state court forum fell within the statutory requirements of *Arts. 924-930.8 of the Louisiana Code of Criminal Procedure*, in that, it is within the State's time bar procedure. *Glover v. Cain*, 128 F.3d 900 (5th Cir. 1997). The Court held: Louisiana statute providing that prisoners had to seek Post-conviction relief within two years after judgment of conviction and sentence became final was independent and adequate state procedural rule. Petitioner is in compliance therewith. Also, petitioner contends that the *AEDPA* requires that he meet the requirement of filing within one (1) year of finality of his state court proceedings, unless, petitioner can establish "cause" for any subsequent default raised by the state (respondents) or court. The *AEDPA* tolling provisions are not jurisdictional and subject to equitable tolling.

The petitioner had the prescribed 365 days in the normal year plus the 90 day period credited before his state conviction becomes final through the opportunity, whether used or not, to proceed to the United States Supreme Court on direct appeal Certiorari. These periods combined result in petitioner being require to file his habeas petition within 455 days of finality in state court.

### WHY WOULD THIS CASE BE RIPE FOR DE NOVO REVIEW

Petitioner contends that this Honorable Court, ruling in favor of the existing law, would conclude that the decision of the state trial court(s) at each level amounted to decisions that were contrary to: *Gideon v. Wainwright*, 372 U.S. 335 (1963), and *Strickland v. Washington*, 466, U.S.

668, 104 S.Ct. 2052 (1984). Petitioner's seeks a remedy to these constitutional deprivations.

The claims, as presented, contain "solid" meritorious arguments based on direct controlling precedent and in fundamental fairness must be brought to the court's attention and reviewed on the merits. *United States v. Williams*, 183 F.3d 458, 462 (5th Cir. 1999).

## INVOCATION OF THE PROTECTIVE WRIT PROCEDURES SET OUT IN Pace v. Digulielmo, 125 S.Ct. 1807, 544 U.S. 408 (U.S. 2005)

This petitioner hereby invokes the authority of the United States Supreme Court in the case of *Pace v. Digulielmo*, 125 S.Ct. 1807, 544 U.S. 408 (U.S. 2005), which affords him (if necessary) the opportunity to file which has been described as a "protective" petition in federal Court. Specifically, the court wrote:

> "A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceeding until state remedies are exhausted. See *Rhines v. Weber*, ante, 544 U.S. at 278, 125 S.Ct. 1528, 1531, 161 L.Ed.2d 440 (2005) A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good Cause" for him to file in federal court. Ibid. ("[I]f the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in dilatory tactics, "then the district court likely "should stay, rather than dismiss, the mixed petition")

Also, the "protective federal petition" was noted in *Melancon v. Kaylo*, 259 F.3d 401, (C.A. 5 (La.) 2001) "if there is a possibility that the right to federal habeas might be extinguished.

Wherefore petitioner prays that this petition will suffice to toll pursuant *§ 2244(d)(2)*

The constitutional model for Federal Habeas was long ago set forth in *Brown v. Allen*, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed 469 (1953), therein the court held (inter alia)

> (that all federal constitutional questions that have been incorporated through the Fourteenth Amendment Due Process Clause and thereby made applicable to the states

3

are cognizable on federal habeas corpus, even if the claims have been fully and fairly adjudicated in the state courts; recognizing federal habeas corpus as "[a] way . . . to redress violation of the Constitution," at 464, and acknowledging "the power of federal district courts to protect the constitutional rights of state prisoners after the exhaustion of state remedies," at 478).

Pursuant the *AEDPA*, habeas corpus relief can only be awarded to a meritorious constitutional claim. Claims are to be based upon fact and not conjecture, the petitioner in his case contends that a reasonable federal jurist has already found the underlying facts of his National Voter Registration Violation claim to be true. In the case of *Scott v. Ferrand*, 2:11-cv-00926, U.S. Eastern District of Louisiana, District Judge Jane Triche Milazzo, found Louisiana guilty of violation of the *NVRA of 1993*. Therefore, this is not in dispute and the State of Louisiana has not obtained a favorable judgement of relied from the operation of judgment. The facts there should be given the presumption of correctness as they are intermingled in this case. Similarly, the united States Supreme Court decided in *Vasquez v. Hillery*, 474 U.S. 254, 258, 106 S.Ct. 617, 88 L.Ed2d 598 (1986), holding

> the California Supreme court's finding that the total absence of blacks from the grand jury in the history of the particular county was an undisputed fact, entitled to the presumption of correctness.

Petitioner here contends that the presumption of correctness to District Judge Jane Triche Milazzo's, findings in that her findings reflect that petitioner's claims are meritorious in nature and as a reasonable jurist, should be allowed to proceed further.

Because petitioner filed this pleading as a preventive measure to bypass the state's efforts to wrongfully circumvent the jurisdiction of this Honorable Court by erroneously imposing state procedural bars which it (the state and court knew to be inapplicable. Petitioner employ the state corrective process for the purpose of exhaustion, but, when it was realized that their were collected efforts by state actors to "sabotage" petitioner's efforts to properly exhaust his remedies. His only recourse was to apply to this honorable court in advance of exhaustion of some claims to ensure that

4

federal jurisdiction of those claims was preserved as to the timeliness requirements of the *AEDPA*.

Wherefore your petitioner' prays that this Honorable court will grant a "stay" of further proceedings and hold this case in abeyance pending exhaustion.

Respectfully submitted

*Rigoberto Funes*
Rigoberto Funes, #571875
La. State Prison, Spruce-2
Angola, La. 70712

## CERTIFICATE OF SERVICE AND SERVICE CONCERNS

Wherefore, petitioner prays that this Honorable Court will electronically serve a copy of this pleading upon respondent through electronic means, he also places this Honorable court that he will additionally serve a copy of this pleading upon the respondent, postage pre-paid at the address listed below:

Paul Connick
District Attorney
24th Judicial District Parish of Jefferson
200 Derbigny, 5th Floor
Gretna, La. 70119

Under penalty of perjury, petitioner avers that he has fulfilled his service obligations upon the respondent this 24th day of June, 2014.

*Rigoberto Funes*
Rigoberto Funes