UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RIGOBERTO FUNES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1342** |
| **BURL CAIN, WARDEN** | **SECTION "A"(4)** |

### ORDER AND REASONS

The petitioner, Rigoberto Funes, has filed a **Motion for Stay and Abeyance (Rec. Doc. No. 9)** requesting that proceedings related to his petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be stayed to allow him to complete exhaustion of state court remedies on the issues raised in the federal habeas petition. He represents that he filed a writ application in the Louisiana Supreme Court on May 7, 2014 and that application is still pending.

In its Response (Rec. Doc. No. 13) to the petitioner's motion, the State indicates that it has no opposition to the granting of a stay to allow Funes to complete review in the Louisiana Supreme Court under the pending application, No. 2014-KH-1027.

Funes federal habeas petition was referred to a United States Magistrate Judge for issuance of findings and recommendations pursuant to Local Rule 73.2 and 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. This type of motion to stay is considered to be a non-dispositive pretrial motion to be addressed by a United States Magistrate Judge pursuant to Local Rule 73.1 and 28 U.S.C. § 636(b). *See Wilson v. Warden Louisiana State Penitentiary*, No. 09-1065, 2011 WL 4069177, at *1 (W.D. La. Sep. 13, 2011); *Broadnax v. Cate*, No. 12-560, 2012 WL 5335289, at *3 (S.D. Cal. Oct. 26, 2012).

In *Pliler v. Ford*, 542 U.S. 225, 227 (2004), the Supreme Court addressed the availability of a stay-and-abeyance in connection with "mixed petitions" containing both exhausted and

unexhausted claims. *Id*. The *Pliler* court ultimately reiterated the long-standing directive that a mixed petition be dismissed without prejudice to require exhaustion. *Id*. at 233. The Supreme Court later held that stay-and-abeyance was an extraordinary remedy not to be made readily available to a habeas petitioner. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). The *Rhines* Court cautioned that a stay-and-abeyance "should be available only in limited circumstances," and is appropriate only when the district court determines that there was "good cause" for the failure to exhaust. *Id*. at 277 (emphasis added).

In this case, the limited record before the Court is not clear whether Funes has presented a mixed petition or one containing only unexhausted claims. If his petition is not a mixed petition, it would be distinguished from the type of petition addressed in *Pliler* and *Rhines*.

Nevertheless, the record is clear that Funes has not exhausted all of the claims in a procedurally proper manner in the state courts. Although he has not specifically addressed good cause for his failure to exhaust, he asserts that has submitted his claims in an effort to obtain initial review and preserve any deadlines for reaching this federal court thereafter. Arguably, this type of "protective petition" is allowed under Supreme Court precedent as long as the petitioner has been diligent. *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). On the limited record before the Court, it appears that Funes has been diligent in his efforts to exhaust the claims raised in that writ application. This resolve is subject to confirmation upon review of the entire record at a later date.

Nevertheless, the State does not oppose the granting of a stay for the sole purpose of allowing Funes to complete review under Louisiana Supreme Court Writ No. 2012-KH-1027 in which at least a number of his claims are apparently pending. As noted by the State, completion of exhaustion is imminent through resolution of that pending writ application. Accordingly,

**IT IS ORDERED** that Funes's petition for issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **STAYED** and the case **ADMINISTRATIVELY CLOSED** for statistical purposes.

**IT IS FURTHER ORDERED** that Funes may move the district court to re-open this matter within thirty (30) days of the date on which the Louisiana Supreme Court rules on his pending Writ No. 2014-KH-1027.

New Orleans, Louisiana, this 31st day of July, 2014.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**